IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.:

NAOMI MATHURIN, as parent and
natural guardian for L.M., a minor,

     Plaintiff,

v.

PUBLIC STORAGE OPERATING COMPANY
d/b/a PUBLIC STORAGE; STORAGE TRUST
PROPERTIES L.P.; and JOHN DOE.

     Defendants.

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, **NAOMI MATHURIN**, as parent and natural guardian for **L.M.**, a minor (hereinafter "**PLAINTIFF**"), by and through undersigned counsel, hereby files this Complaint and lawsuit against the Defendants, **PUBLIC STORAGE OPERATING COMPANY d/b/a PUBLIC STORAGE** (hereinafter "**PUBLIC STORAGE**"); **STORAGE TRUST PROPERTIES L.P.** (hereinafter "**STORAGE TRUST PROPERTIES**"); and **JOHN DOE** (hereinafter collectively "**DEFENDANTS**"), and as grounds therefore, state as follows:

## GENERAL ALLEGATION

1.     This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of cost and interest, and thus, within the jurisdictional limits of this Court.

2.     At all times material hereto, **L.M.**, is and was a resident of Indian River County, Florida, and otherwise *sui juris*.

3.       At all times material hereto, **NAOMI MATHURIN** is and was a resident of Indian River County, Florida, the natural mother and guardian of **L.M.**, and brings this lawsuit on behalf of **L.M.** pursuant to Fla. R. Civ. P. 1.210(b) and under § 744.301(1), Fla. Stat.

4.       At all times material hereto, **PUBLIC STORAGE** was and is a Declaration of Trust licensed to do and did conduct business in the State of Florida.

5.       At all times material hereto, **PUBLIC STORAGE** maintained a registered agent for service of process in the State of Florida, designated as Corporation Service Company 1201 Hays Street Tallahassee, FL 32301, with its principal place of business located at 701 Western Ave Glendale, CA 91201.

6.       At all times material hereto, **PUBLIC STORAGE** conducted substantial and not isolated business activities within Indian River County, Florida.

7.       At all times material hereto, **STORAGE TRUST PROPERTIES** was and is a Foreign Limited Partnership licensed to do and did conduct business in the State of Florida.

8.       At all times material hereto, **STORAGE TRUST PROPERTIES** maintained a registered agent for service of process in the State of Florida, designated as Corporation Service Company, 1201 Hays Street Tallahassee, FL 32301, with its principal place of business located at 701 Western Avenue, 2nd Floor Glendale, CA 91201.

9.       At all times material hereto, **STORAGE TRUST PROPERTIES** conducted substantial and not isolated business activities within Indian River County, Florida.

10.      At all times material hereto, **PUBLIC STORAGE** owned, operated, controlled, developed, and /or otherwise managed and maintained the public storage facility where the subject incident occurred. The public storage facility where the subject incident occurred

identified herein is located at 125 South US Highway 1, Vero Beach, Florida 32962 (hereinafter "Subject Storage Facility").

11.     At all times material hereto, **STORAGE TRUST PROPERTIES** owned, operated, controlled, developed, and/or otherwise managed and maintained the Subject Storage Facility where the subject incident occurred.

12.     At all times material hereto, Defendant, **JOHN DOE**, was and is a resident of Indian River County, Florida.

13.     At all times material hereto, Defendant, **JOHN DOE** was and is the manager and or supervisor of the Subject Storage Facility, and was otherwise responsible for the operation, management, and maintenance of the Subject Storage where the subject incident occurred.

14.     This Court has personal jurisdiction over the **DEFENDANTS** pursuant to § 48.193, Fla. Stat. because the **DEFENDANTS** are legal residents, and/or company/corporation incorporated in the state of Florida and is operating and conducting substantial, continuous, and not isolated business activities within the State of Florida.

15.     Pursuant to Fla. Stat. § 47.011, venue is proper in Indian River County, Florida, because the incident that forms the basis for this Complaint occurred at Defendants public storage facility, located at 125 South US Highway 1, Vero Beach, Florida 32962 (hereinafter the "Subject Property").

16.     All conditions precedent to the filing of this suit have been completed or otherwise waived.

## <u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>

17.     On or about October 6, 2024, **L.M.** was a lawful business invitee upon the Subject Storage Facility.

18.     On or about October 6, 2024, **L.M.** lawfully entered the Subject Storage Facility on the Subject Property as a business invitee with his mother, Naomi Mathurin, for purpose of accessing her rented storage unit to retrieve her personal property.

19.     On or about October 6, 2024, while lawfully inside the Subject Storage Facility **L.M.** and his mother, Naomi Mathurin walked down a corridor containing different storage units, which was located near the main entrance/exit on the second floor/level to access her storage unit (hereinafter the "Subject Area").

20.     On or about October 6, 2024, while **L.M.** was lawfully walking within the Subject Area of the Subject Storage Facility, **L.M.'s** foot became caught in the large openings of a metal grid grating floor. The flooring consisted of interlocking metal grates with large, open rectangular and diamond-shaped gaps, creating exposed openings throughout the walking surfaces (hereinafter the "Dangerous Condition").

21.     On or about October 6, 2024, the **DEFEENDANTS** allowed the Dangerous Condition to be present in the Subject Area for a substantial period up until the time of subject incident.

22.     On or about October 6, 2024, the **DEFENDANTS** was responsible by and through its agents, servants, and/or employees to maintain the Subject Storage Facility and the Subject Area in a reasonably safe condition for its invitees in general, and **L.M.** specifically.

23.     On or about October 6, 2024, the **DEFENDANTS** was responsible by and through its agents, servants, and/or employees to inspect the Subject Storage Facility and the Subject Area and to remove and/or remediate any and all dangerous conditions present in the Subject Storage Facility.

24.     On or about October 6, 2024, the **DEFENDANTS** was responsible by and through its agents, servants, and/or employees to warn **L.M.** of any and all dangerous conditions present in the Subject Storage Facility and the Subject Area.

25.     On or about October 6, 2024, while **L.M.** was walking in the Subject Area, his foot came into contact with the Dangerous Condition. As a direct result of encountering this Dangerous Condition, **L.M.** suddenly trip and fell, causing **L.M.** to sustain severe and permanent injuries (hereinafter "Subject Incident").

26.     **L.M.** had no knowledge of the Dangerous Condition. The Dangerous Condition was latent and was not readily visible or observable by **L.M.** despite his exercise of reasonable care.

## <u>COUNT I</u>
## <u>PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST PUBLIC STORAGE FOR FAILURE TO MAINTAIN THE PREMISES IN A SAFE CONDITION</u>

The Plaintiff, **NAOMI MATHURIN** as parent and natural guardian of **L.M.**, a minor, realleges and reaffirms the facts contained in paragraph 1 through 26 and further states as follows:

27.     At all times material and relevant to the Complaint, the Defendant, **PUBLIC STORAGE**, by and through its agents, servants and/or employees, had possession and/or otherwise exercised control over the Subject Storage Facility, and the Subject Area.

28.     At all times material and relevant to the Complaint, Defendant, **PUBLIC STORAGE**, by and through its agents/employees owed **L.M.** a non-delegable duty of reasonable care under the circumstances.

29.     At all times material and relevant to the Complaint, the Defendant, **PUBLIC STORAGE**, owed **L.M.** a non-delegable duty to maintain the Subject Storage Facility, and the Subject Area in a reasonable safe condition.

30.     At all times relevant to the Complaint, Defendant, **PUBLIC STORAGE** had a duty to properly maintain and monitor the Subject Storage Facility and the Subject Area in a reasonable safe condition, and to warn of dangerous conditions, which it had actual or constructive knowledge of, and should have taken actions to remedy it.

31.     The Dangerous Condition existed for such a length of time that, through the exercise of ordinary care, Defendant, **PUBLIC STORAGE**, knew or should have known of its existence; or the condition occurred with regularity and was therefore foreseeable. The Dangerous Condition exhibited visible signs of deterioration, including rust, and discoloration.

32.     Alternatively, the Defendant, **PUBLIC STORAGE** had actual knowledge of the Dangerous Condition because its employees and or agents created, contributed to, maintained or were aware of the Dangerous Condition prior to the Subject Incident.

33.     The Defendant, **PUBLIC STORAGE,** was in a superior position to appreciate such hazard and take necessary steps to prevent harm to invitees in general, and **L.M.** specifically.

34.     The Defendant, **PUBLIC STORAGE**, as owner, operator or otherwise had possession and control of the Subject Storage Facility, and the Subject Area, had/has a:

a.  Duty to properly maintain the Subject Area in a safe and reasonable manner;

b.  Duty to not engage in activity which it knew or should have known would result in serious bodily harm;

c.  Duty to use reasonable care to learn of any dangerous conditions in the Subject Storage Facility and in the Subject Area;

d.  Duty to prevent ongoing, recurring, continuous, and/or repetitive problems in the Subject Storage Facility and in the Subject Area which could lead to an accident and/or injury;

    e.   Duty to ensure that the Subject Storage Facility and the Subject Area was used, maintained, and renovated in accordance with reasonable care and in accordance with reasonable standards;

    f.   Duty to maintain or remedy hazardous conditions existing in the Subject Area and in the Subject Storage Facility; and

    g.   Duty to properly maintain the Subject Area.

35.    The Defendant, **PUBLIC STORAGE** breached its duty of care to **L.M.** by the following, which include but are not limited to the following failures:

    a.   Failing to properly maintain the Subject Storage Facility, and the Subject Area in a safe and reasonable manner;

    b.   Engaging in activity which it knew or should have known would result in serious bodily harm;

    c.   Failing to use reasonable care to learn of any dangerous conditions in the Subject Storage Facility and in the Subject Area;

    d.   Failing to prevent ongoing, recurring, continuous, and/or repetitive problems upon the Subject Storage Facility and in the Subject Area, which could lead to accidents and/or injuries;

    e.   Failing to ensure that the Subject Storage Facility, and the Subject Area was used, maintained, and renovated in accordance with reasonable care and in accordance with reasonable standards;

    f.   Failing to maintain or remedy hazardous conditions existing on the Subject Area; and

    g.   Failing to properly maintain the Subject Area.

36.     At all times relevant to this Complaint, the Defendant, **PUBLIC STORAGE** knew or should have known of the Dangerous Condition in the Subject Area and negligently maintained the Subject Area so that the Dangerous Condition was not remedied.

37.     The Dangerous Condition was known to **PUBLIC STORAGE** or had existed for a sufficient length of time so that **PUBLIC STORAGE** should have known about it. The Dangerous Condition exhibited visible signs of deterioration, including rust, and discoloration.

38.     **PUBLIC STORAGE'S** failure to remove and remedy the Dangerous Condition in the Subject Area, and its failure to maintain the Subject Area in a reasonably safe condition, created and allowed the Dangerous Condition to exist up until the time of the Subject Incident.

39.     At all material times, it was foreseeable that such breaches of **PUBLIC STORAGE'S** duties of care would cause severe bodily injury or death.

40.     As a direct and proximate result of **PUBLIC STORAGE** negligence and failure to maintain the Subject Storage Facility in a reasonable safe condition, **L.M.** suffered serious bodily injuries that resulted pain and suffering, disability, disfigurement, mental anguish, aggravation of a pre-existing disease or condition, loss of capacity for enjoyment of life; and incurred medical expense in the treatment of her injuries; expenses for hospitalization, medical and nursing care and treatment, and has incurred other costs and expenses in maintaining this cause of action. The losses are either permanent or continuing and **L.M.** will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, **NAOMI MATHURIN** as the parent and natural guardian of **L.M.** demands judgment for damages against **PUBLIC STORAGE**, and all such relief as this Honorable Court deems just and equitable. The Plaintiff, **NAOMI MATHURIN** as parent and natural guardian of **L.M.**  demands trial by jury of all issues so triable as of right by a jury.

## <u>COUNT II</u>
## <u>PUBLIC STORAGE FAILURE TO WARN</u>

The Plaintiff, **NAOMI MATHURIN** as parent and natural guardian of **L.M.**, a minor, realleges and reaffirms the facts contained in paragraph 1 through 26 and further states as follows:

41.    At all times material and relevant to the Complaint, Defendant, **PUBLIC STORAGE**, by and through its agents, servants, and/or employees, had possession and/or otherwise exercised control over the Subject Area and the Subject Storage Facility.

42.    At all times material and relevant to the Complaint, **PUBLIC STORAGE** owed **L.M.** a non-delegable duty to warn **L.M.** of latent or concealed perils which are known or should have been known to **PUBLIC STORAGE**, and of which **L.M.** did not have equal or greater knowledge.

43.    At all times material and relevant to the Complaint, **PUBLIC STORAGE** owed **L.M.** a non-delegable duty to warn **L.M.** of potential exposure to hazardous and debilitating conditions in the Subject storage Facility and the Subject Area.

44.    At all times material and relevant to the Complaint, **PUBLIC STORAGE** failed to warn invitees generally, and **L.M.** specifically, of the Dangerous Conditions, which was known or should have been known to **PUBLIC STORAGE.**

45.    At all times material and relevant to the Complaint, **PUBLIC STORAGE** failed to warn invitees generally, and **L.M.** specifically, of potential exposure to hazardous and debilitating conditions.

46.    At all times material and relevant to the Complaint, **PUBLIC STORAGE** failed to warn invitees generally, and **L.M.** specifically, of the Dangerous Condition, being that there was no form of signage present in the Subject Storage Facility or in the Subject Area warning

invitees, such as **L.M.**, of the present Dangerous Condition, and or not to traverse throughout the Subject Area at the time of the Subject Incident.

47.     The Dangerous Condition was known to **PUBLIC STORAGE** or had existed for a sufficient length of time so that **PUBLIC STORAGE** should have known of it. The Dangerous Condition exhibited visible signs of deterioration, including rust, and discoloration.

48.     At all material times, it was foreseeable that such breaches of **PUBLIC STORAGE'S** duty to warn would cause severe bodily injury or death.

49.     As a direct and proximate result of **PUBLIC STORAGE** failure to warn of the Dangerous Condition, **L.M.** suffered serious bodily injuries that resulted pain and suffering, disability, disfigurement, mental anguish, aggravation of a pre-existing disease or condition, loss of capacity for enjoyment of life; and incurred medical expense in the treatment of her injuries; expenses for hospitalization, medical and nursing care and treatment, and has incurred other costs and expenses in maintaining this cause of action. The losses are either permanent or continuing and **L.M.** will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, **NAOMI MATHURIN**, as parent and natural guardian of **L.M.**, demands judgment for damages against **PUBLIC STORAGE** and all such relief as this Honorable Court deems just and equitable. The Plaintiff, **NAOMI MATHURIN**, as parent and natural guardian of **L.M.**, demands trial by jury of all issues so triable as of right by a jury.

## COUNT III
## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST STORAGE TRUST PROPERTIES FOR FAILURE TO MAINTAIN THE PREMISES IN A SAFE CONDITION

The Plaintiff, **NAOMI MATHURIN** as parent and natural guardian of **L.M.**, a minor, realleges and reaffirms the facts contained in paragraph 1 through 26 and further states as follows:

50.     At all times material and relevant to the Complaint, the Defendant, **STORAGE TRUST PROPERTIES**, by and through its agents, servants and/or employees, had possession and/or otherwise exercised control over the Subject Storage Facility, and the Subject Area.

51.     At all times material and relevant to the Complaint, Defendant, **STORAGE TRUST PROPERTIES**, by and through its agents/employees owed **L.M.** a non-delegable duty of reasonable care under the circumstances.

52.     At all times material and relevant to the Complaint, the Defendant, **STORAGE TRUST PROPERTIES**, owed **L.M.** a non-delegable duty to maintain the Subject Storage Facility, and the Subject Area in a reasonable safe condition.

53.     At all times relevant to the Complaint, Defendant, **STORAGE TRUST PROPERTIES** had a duty to properly maintain and monitor the Subject Storage Facility and the Subject Area in a reasonable safe condition, and to warn of dangerous conditions, which it had actual or constructive knowledge of, and should have taken actions to remedy it.

54.     The Dangerous Condition existed for such a length of time that, through the exercise of ordinary care, Defendant, **STORAGE TRUST PROPERTIES**, knew or should have known of its existence; or the condition occurred with regularity and was therefore foreseeable. The Dangerous Condition exhibited visible signs of deterioration, including rust, and discoloration.

55.     Alternatively, the Defendant, **STORAGE TRUST PROPERTIES** had actual knowledge of the Dangerous Condition because its employees and or agents created, contributed to, maintained or were aware of the Dangerous Condition prior to the Subject Incident.

56. The Defendant, **STORAGE TRUST PROPERTIES,** was in a superior position to appreciate such hazard and take necessary steps to prevent harm to invitees in general, and **L.M.** specifically.

57. The Defendant, **STORAGE TRUST PROPERTIES**, as owner, operator or otherwise had possession and control of the Subject Storage Facility, and the Subject Area, had/has a:

    a. Duty to properly maintain the Subject Area in a safe and reasonable manner;

    b. Duty to not engage in activity which it knew or should have known would result in serious bodily harm;

    c. Duty to use reasonable care to learn of any dangerous conditions in the Subject Storage Facility and in the Subject Area;

    d. Duty to prevent ongoing, recurring, continuous, and/or repetitive problems in the Subject storage Facility and in the Subject Area which could lead to an accident and/or injury;

    e. Duty to ensure that the Subject Storage Facility and the Subject Area was used, maintained, and renovated in accordance with reasonable care and in accordance with reasonable standards;

    f. Duty to maintain or remedy hazardous conditions existing in the Subject Area and in the Subject Storage Facility; and

    g. Duty to properly maintain the Subject Area.

58. The Defendant, **STORAGE TRUST PROPERTIES** breached its duty of care to **L.M.** by the following, which include but are not limited to the following failures:

a. Failing to properly maintain the Subject Storage Facility, and the Subject Area in a safe and reasonable manner;

b. Engaging in activity which it knew or should have known would result in serious bodily harm;

c. Failing to use reasonable care to learn of any dangerous conditions in the Subject Storage Facility and in the Subject Area;

d. Failing to prevent ongoing, recurring, continuous, and/or repetitive problems upon the Subject Storage Facility and in the Subject Area, which could lead to accidents and/or injuries;

e. Failing to ensure that the Subject Storage Facility, and the Subject Area was used, maintained, and renovated in accordance with reasonable care and in accordance with reasonable standards;

f. Failing to maintain or remedy hazardous conditions existing on the Subject Area; and

g. Failing to properly maintain the Subject Area.

59.     At all times relevant to this Complaint, the Defendant, **STORAGE TRUST PROPERTIES** knew or should have known of the Dangerous Condition in the Subject Area and negligently maintained the Subject Area so that the Dangerous Condition was not remedied.

60.     The Dangerous Condition was known to **STORAGE TRUST PROPERTIES** or had existed for a sufficient length of time so that **STORAGE TRUST PROPERTIES** should have known about it. The Dangerous Condition exhibited visible signs of deterioration, including rust, and discoloration.

61.     **STORAGE TRUST PROPERTIES'S** failure to remove and remedy the Dangerous Condition in the Subject Area, and its failure to maintain the Subject Area in a reasonably safe condition, created and allowed the Dangerous Condition to exist up until the time of the Subject Incident.

62.     At all material times, it was foreseeable that such breaches of **STORAGE TRUST PROPERTIES'S** duties of care would cause severe bodily injury or death.

63.     As a direct and proximate result of **STORAGE TRUST PROPERTIES** negligence and failure to maintain the Subject Storage Facility in a reasonable safe condition, **L.M.** suffered serious bodily injuries that resulted pain and suffering, disability, disfigurement, mental anguish, aggravation of a pre-existing disease or condition, loss of capacity for enjoyment of life; and incurred medical expense in the treatment of her injuries; expenses for hospitalization, medical and nursing care and treatment, and has incurred other costs and expenses in maintaining this cause of action. The losses are either permanent or continuing and **L.M.** will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, **NAOMI MATHURIN** as the parent and natural guardian of **L.M.** demands judgment for damages against **STORAGE TRUST PROPERTIES**, and all such relief as this Honorable Court deems just and equitable. The Plaintiff, **NAOMI MATHURIN** as parent and natural guardian of **L.M.** demands trial by jury of all issues so triable as of right by a jury.

<u>**COUNT IV**</u>
<u>**STORAGE TRUST PROPERTIES FAILURE TO WARN**</u>

The Plaintiff, **NAOMI MATHURIN** as parent and natural guardian of **L.M.**, a minor, realleges and reaffirms the facts contained in paragraph 1 through 26 and further states as follows:

64.     At all times material and relevant to the Complaint, Defendant, **STORAGE TRUST PROPERTIES**, by and through its agents, servants, and/or employees, had possession and/or otherwise exercised control over the Subject Area and the Subject Storage Facility.

65.     At all times material and relevant to the Complaint, **STORAGE TRUST PROPERTIES** owed **L.M.** a non-delegable duty to warn **L.M.** of latent or concealed perils which are known or should have been known to **STORAGE TRUST PROPERTIES**, and of which **L.M.** did not have equal or greater knowledge.

66.     At all times material and relevant to the Complaint, **STORAGE TRUST PROPERTIES** owed **L.M.** a non-delegable duty to warn **L.M.** of potential exposure to hazardous and debilitating conditions in the Subject storage Facility and the Subject Area.

67.     At all times material and relevant to the Complaint, **STORAGE TRUST PROPERTIES** failed to warn invitees generally, and **L.M.** specifically, of the Dangerous Conditions, which was known or should have been known to **STORAGE TRUST PROPERTIES.**

68.     At all times material and relevant to the Complaint, **STORAGE TRUST PROPERTIES** failed to warn invitees generally, and **L.M.** specifically, of potential exposure to hazardous and debilitating conditions.

69.     At all times material and relevant to the Complaint, **STORAGE TRUST PROPERTIES** failed to warn invitees generally, and **L.M.** specifically, of the Dangerous Condition, being that there was no form of signage present in the Subject Storage Facility or in the Subject Area warning invitees, such as **L.M.**, of the present Dangerous Condition, and or not to traverse throughout the Subject Area at the time of the Subject Incident.

70.     The Dangerous Condition was known to **STORAGE TRUST PROPERTIES** or had existed for a sufficient length of time so that **STORAGE TRUST PROPERTIES** should have known of it. The Dangerous Condition exhibited visible signs of deterioration, including rust, and discoloration.

71.     At all material times, it was foreseeable that such breaches of **STORAGE TRUST PROPERTIES'S** duty to warn would cause severe bodily injury or death.

72.     As a direct and proximate result of **STORAGE TRUST PROPERTIES** failure to warn of the Dangerous Condition, **L.M.** suffered serious bodily injuries that resulted pain and suffering, disability, disfigurement, mental anguish, aggravation of a pre-existing disease or condition, loss of capacity for enjoyment of life; and incurred medical expense in the treatment of her injuries; expenses for hospitalization, medical and nursing care and treatment, and has incurred other costs and expenses in maintaining this cause of action. The losses are either permanent or continuing and **L.M.** will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, **NAOMI MATHURIN** as parent and natural guardian of **L.M.**, demands judgment for damages against **STORAGE TRUST PROPERTIES** and all such relief as this Honorable Court deems just and equitable. The Plaintiff, **NAOMI MATHURIN** as parent and natural guardian of **L.M.**, demands trial by jury of all issues so triable as of right by a jury.

<u>**COUNT V**</u>
<u>**PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST JOHN DOE**</u>
<u>**FOR FAILURE TO MAINTAIN THE PREMISES IN A REASONABLE SAFE**</u>
<u>**CONDITION**</u>

The Plaintiff, **NAOMI MATHURIN** as parent and natural guardian of **L.M.**, a minor, realleges and reaffirms the facts contained in paragraph 1 through 26 and further states as follows:

73.     At all times relevant to the Complaint, the Defendant, **JOHN DOE**, by and through its agents, servants, and/or employees, as a manager of the Subject Storage Facility, had possession and/or otherwise exercised control over the Subject Storage Facility, and the Subject Area.

74.     At all times relevant to the Complaint, **JOHN DOE**, by and through its agents/employees, owed **L.M.** a duty to maintain the Subject Storage Facility and the Subject Area in a reasonable safe condition.

75.     At all times relevant to the Complaint, **JOHN DOE**, by and through its agents/employees, had a duty to properly maintain and monitor the Subject Storage Facility and the Subject Area in a reasonable safe condition, and to warn of dangerous conditions, which it had actual or constructive knowledge of, and should have taken actions to remedy it.

76.     The Dangerous Condition existed for such a length of time that, in the exercise of ordinary care, **JOHN DOE** should have known of the condition; or the condition occurred with regularity and was therefore foreseeable.

77.     Alternatively, **JOHN DOE** had actual knowledge of the Dangerous Condition because its employees(s) created, contributed to, maintained, or were aware of the Dangerous Condition before **L.M.** fell.

78.     The Defendant, **JOHN DOE**, was in a superior position to appreciate such hazard and take necessary steps to prevent harm to invitees in general, and the **L.M.** specifically.

79.     **JOHN DOE**, as a manager, operator or who otherwise had possession and control of the Subject Storage Facility, and the Subject Area, had/has a:

    a.  Duty to properly maintain the Subject Area in a safe and reasonable manner;

b.  Duty to not engage in activity which it knew or should have known would result in serious bodily harm;

c.  Duty to use reasonable care to learn of any dangerous conditions in the Subject Storage Facility and in the Subject Area;

d.  Duty to prevent ongoing, recurring, continuous, and/or repetitive problems in the Subject Storage Facility which could lead to an accident and/or injury;

e.  Duty to ensure that the Subject Storage Facility and the Subject Area was used, maintained, and monitored in accordance with reasonable care and standards;

f.  Duty to maintain or remedy hazardous conditions existing in the Subject Area and in the Subject Storage Facility; and

g.  Duty to properly maintain the Subject Area.

80.     **JOHN DOE** breached its duty of care to **L.M.** by the following, which include but are not limited to the following failures:

a.  Failing to properly maintain the Subject Storage Facility, and the Subject Area in a safe and reasonable manner;

b.  Engaging in activity which it knew or should have known would result in serious bodily harm;

c.  Failing to use reasonable care to learn of any dangerous conditions in the Subject Storage Facility and in the Subject Area;

d.  Failing to prevent ongoing, recurring, continuous, and/or repetitive problems in the Subject Storage Facility and in the Subject Area, which could lead to accident and or injury;

  e. Failing to ensure that the Subject Storage Facility and the Subject Area was used, maintained, and monitored in accordance with reasonable care and standards;

  f. Failing to maintain or remedy hazardous conditions existing in the Subject Area; and

  g. Failing to properly maintain the Subject Area.

81. At all times relevant to this Complaint, **JOHN DOE** maintained a right of supervision and control over its employees and or agents and had the power and duty to direct and instruct those employees on the maintenance of the Subject Area in the Subject Storage Facility.

82. At all times relevant to this Complaint, **JOHN DOE** knew or should have known of the Dangerous Condition in the Subject Area, negligently maintained the Subject Area so that the Dangerous Condition was not remedied, and failed to warn its invitees generally, and the **L.M.** specifically, of the Dangerous Condition so that **L.M.** was injured in the Subject Area.

83. The Dangerous Condition was known to **JOHN DOE** or had existed for a sufficient length of time so that **JOHN DOE** should have known of it.

84. **JOHN DOE's** failure to remove and remedy the Dangerous Condition in the Subject Area, and its failure to maintain the Subject Area in a reasonably safe condition, created and allowed the Dangerous Condition to exist up until the time of the Subject Incident.

85. At all material times, it was foreseeable that such breaches of **JOHN DOE's** duties of care would cause severe bodily injury or death.

86. As a direct and proximate result of **JOHN DOE** negligence and failure to maintain the Subject Area in a reasonable safe condition, the **L.M.** suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for

enjoyment of life; and incurred medical expense in the treatment of his injuries; expense of hospitalization, medical and nursing care and treatment, and loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and **L.M.** will suffer the losses in the future.

      **WHEREFORE**, the Plaintiff, **NAOMI MATHURIN**, as the parent and natural guardian of **L.M.** demands judgment for damages against **JOHN DOE**, and all such relief as this Honorable Court deems just and equitable. The Plaintiff, **NAOMI MATHURIN**, as parent and natural guardian of **L.M.**, demands trial by jury of all issues so triable as of right by a jury.

**COUNT VI**
**JOHN DOE FAILURE TO WARN**

      The Plaintiff, **NAOMI MATHURIN** as parent and natural guardian of **L.M.**, a minor, realleges and reaffirms the facts contained in paragraph 1 through 26 and further states as follows:

      87.    At all times material and relevant to the Complaint, Defendant, **JOHN DOE**, by and through its agents, servants, and/or employees, had possession and/or otherwise exercised control over the Subject Area and the Subject Storage Facility.

      88.    At all times material and relevant to the Complaint, **JOHN DOE** owed **L.M.** a duty to warn **L.M.** of latent or concealed perils which are known or should have been known to **JOHN DOE**.

      89.    At all times material and relevant to the Complaint, **JOHN DOE** owed **L.M.** a duty to warn **L.M.** of potential exposure to hazardous and debilitating conditions in the Subject Storage Facility and in the Subject Area.

      90.    At all times material and relevant to the Complaint, **JOHN DOE** owed **L.M.** a duty to warn **L.M.** of any dangerous conditions, which were known or should have been known to **JOHN DOE**, and of which **L.M.** did not have equal or greater knowledge.

91.     At all times material and relevant to the complaint, **JOHN DOE** filed to warn invitees generally, and **L.M.** specifically, of potential exposure of hazardous and debilitating conditions.

92.     At all times material and relevant to the Complaint, **JOHN DOE** failed to warn invitees generally, and **L.M.** specifically, of the Dangerous Condition, being that there was no form of signage present in the Subject Area, warning invitees, such as **L.M.**, of the present Dangerous Condition, and or not to traverse in the Subject Area at the time of the Subject Incident.

93.     The Dangerous Condition was known to **JOHN DOE** or had existed for a sufficient length of time so that **JOHN DOE** should have known of it.

94.     At all material times, it was foreseeable that such breaches of **JOHN DOE'S** duty to warn would cause severe bodily injury or death.

95.     As a direct and proximate result of **JOHN DOE** failure to warn **L.M.** of the Dangerous Condition, **L.M.** suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life; and incurred medical expense in the treatment of his injuries; expense of hospitalization, medical and nursing care and treatment, and loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, **NAOMI MATHURIN** as parent and natural guardian for **L.M.** demands judgment for damages against **JOHN DOE** and all such relief as this Honorable Court deems just and equitable. The Plaintiff, **NAOMI MATHURIN** as parent and natural guardian for **L.M.** demands trial by jury of all issues so triable as of right by a jury

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, **NAOMI MATHURIN** as parent and natural guardian for **L.M.**, a minor, demands Trial by Jury of all issues so triable as outline in this Complaint.

Dated December 26, 2025.

> **STEINLAW, P.A.**
> Attorneys for Plaintiff
> 20801 Biscayne Blvd., Suite 400
> Aventura, Florida 33180
> Telephone: (800) 762-2020
> Fax: (305) 627-3302

By:   <u>/s/ Denzil A. Blackwood</u>
**BRANDON STEIN, ESQ.**
Florida Bar No.: 88302
bstein@steinlaw.com
**DENZIL A. BLACKWOOD, ESQ.**
Florida Bar No.: 1031629
dblackwood@steinlaw.com
**JASON BRENNER, ESQ.**
Florida Bar No.: 86731
jbrenner@steinlaw.com
kreyes@steinlaw.com